IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LAMOND JOHNSON, | ) | CASE NO. 3:08 CV 2721 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| PHILLIP KERNS, *Warden*, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is the petition of Lamond Johnson for a writ of habeas corpus under 28 U.S.C. § 2254.[2]  Johnson, who is here represented by the office of the Ohio Public Defender,[3] is currently incarcerated by the State of Ohio at the Southern Ohio Correctional Facility in Lucasville, Ohio.[4]  Johnson is now serving a total sentence of 14 years in prison, imposed at a re-sentencing in 2006.[5]  The sentence resulted from a guilty plea in 2004 to

---

[1] This matter was originally referred to then-United States Magistrate Judge Benita Pearson for a report and recommendation on December 3, 2008.  ECF # 4.  After Judge Pearson was installed as United States District Judge, the matter was re-assigned to me by non-document order of January 18, 2011.

[2] ECF # 1.

[3] *Id*. at 13.

[4] *Id*. at 1; *see also*, www.drc.ohio.gov (confirming Johnson's current status of incarceration).

[5] ECF # 1 at 1.

charges of rape, aggravated robbery, and kidnapping in the Lucas County Common Pleas Court.[6]

In this petition Johnson raises as a single ground for relief the claim, asserted frequently by the Ohio Public Defender, that his sentence, which was imposed under the rubric created by Ohio's *Foster* decision,[7] violates the Due Process and Ex Post Facto Clauses of the United States Constitution.[8] Because this argument has been asserted multiple times and has been rejected by every federal habeas court to consider it, I will recommend denying Johnson's petition.

## Facts

**A.      Underlying facts, guilty plea and original sentence**

In 2004, the Lucas County Grand Jury indicted Johnson on one count of aggravated robbery, one count of kidnapping, and two counts of rape.[9] Following an initial plea of not guilty, Johnson, as part of a plea agreement with the State, later withdrew his not guilty plea and entered a plea of no contest to all but one of the rape charges, which charge was nolled

---

[6] *Id.*

[7] *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E.2d 470 (2006).

[8] *Id.* at 14.

[9] ECF # 9, Attachment (state court record) at 1-2.

by the State.[10]  The trial court accepted the plea to the modified indictment, finding Johnson guilty on all remaining charges.[11]

At the sentencing hearing held August 10, 2004, Johnson was sentenced to three years in prison for the aggravated robbery conviction, a three-year term for the kidnapping conviction, and eight years in prison for rape.[12]  These sentences were ordered served consecutively, resulting in a total term of 14 years incarceration.[13]  Johnson was also found to be a sexual predator.[14]

**B.    Direct appeal**

*1.    The appeals court*

Johnson, through counsel, filed a timely notice of appeal from his sentence.[15]  In the brief in support, Johnson raised a single assignment of error:

---

[10] *Id*. at 3-5.

[11] *Id*. at 5.

[12] *Id*. at 7.

[13] *Id*.

[14] *Id*.

[15] *See*, *id*. at 9.  The sentencing entry was journalized on August 11, 2004, and Johnson filed the notice of appeal on September 9, 2004.  Inasmuch as Ohio App. R. 4(A) requires that an appeal be filed within 30 days of entry of the judgment being appealed, Johnson's appeal here was timely.

The trial court erred to the prejudice of Mr. Johnson when it sentenced him to non-minimum, consecutive sentences based on facts not alleged in the indictment nor admitted by Mr. Johnson.[16]

Citing to the fact that the issue raised by Johnson was then pending before the Ohio Supreme Court in *State v. Foster*,[17] the State waived filing a brief in Johnson's appeal.[18]  On October 14, 2005, the Ohio appeals court found Johnson's assignment of error not well-taken and affirmed the sentence imposed by the trial court.[19]

### 2.    *The Supreme Court of Ohio*

Johnson, through the same counsel, then timely sought review by the Ohio Supreme Court.[20]  In his brief in support of jurisdiction, Johnson advanced the following proposition of law:

A trial court may not impose non-minimum, consecutive prison terms in the absence of jury findings of the factors set forth in R.C. 2929.14 (B) and (E)(4).[21]

---

[16] ECF # 9, Attachment at 14.

[17] *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E.2d 470.

[18] ECF # 9, Attachment at 23-24.

[19] *Id*. at 25-27.

[20] *Id.* at 28-33.   Johnson's appeal to the Ohio Supreme Court was filed on November 14, 2005.  *Id.* at 28.  An appeal is timely under Ohio Supreme Court Rule of Practice 2.2(A)(1)(a) if filed within 45 days of the judgment from which an appeal is sought. Johnson's appeal was, therefore, timely.

[21] *Id.* at 29.

-4-

The State did not file a memorandum in response.  The Supreme Court of Ohio accepted the appeal, reversed the judgment of the appeals court, and remanded the matter to the trial court for re-sentencing consistent with the rubric created by its decision in *Foster*.[22]

## C.    Re-sentencing

At the re-sentencing hearing conducted on October 10, 2006, the trial court imposed the same sentence as it had previously:  two three-year terms and an eight-year term, all sentences to be served consecutively, resulting in an aggregate sentence of 14 years in prison.[23]

## D.    Direct appeal of re-sentencing

### 1.    *The appeals court*

Johnson, through counsel, timely appealed his re-sentencing.[24]  In his brief,[25] Johnson raised one assignment of error:

> The trial court erred to the prejudice of Mr. Johnson by sentencing him to consecutive, non-minimum sentences in violation of his right to protection from ex post facto sentencing and his right to due process as guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and the applicable portions of the Ohio Constitution.[26]

---

[22] *Id*. at 37.

[23] *Id*. at 38-39.

[24] *See*, ECF # 9 at 4.  As related by the State, Johnson filed the notice of appeal on November 9, 2006, or within 30 days of the entry of his sentencing.

[25] ECF # 9, Attachment at 40-56.

[26] *Id*. at 44.

The State filed a brief in response.[27]   The Ohio appeals court then found the assignment of error not well-taken and affirmed the decision of the trial court.[28]

**2.      *The Supreme Court of Ohio***

Following the decision of the appeals court to affirm the sentence, Johnson, again proceeding through his same counsel, then timely filed a notice of appeal with the Supreme Court of Ohio.[29]  In his brief in support of jurisdiction, Johnson presented one proposition of law:

> A sentence imposing non-minimum, maximum consecutive sentences for behavior that occurred before February 27, 2006 violates the Due Process and Ex Post Facto Clauses of the United States Constitution.[30]

The State filed a memorandum in opposition.[31]  On November 21, 2007, the Ohio Supreme Court denied leave to appeal, dismissing Johnson's appeal as not involving any substantial constitutional question.[32] Johnson did not seek a writ of certiorari from the United States Supreme Court.[33]

---

[27] *Id*. at 59-65.

[28] *Id*. at 66-70.

[29] *Id*. at 71-82. The decision of the appeals court was entered on July 6, 2007, and the appeal with the Ohio Supreme Court filed on August 13, 2007, or within the 45 days required to be timely.

[30] *Id*. at 72.

[31] *Id.* at 89-104.

[32] *Id*. at 105.

[33] *See*, ECF # 1 at 11.

E.      **Federal habeas petition**

Johnson, now represented by the Office of the Ohio Public Defender, then timely filed the present petition for federal habeas relief.[34]  The petition asserts the following ground for relief:

> Ground one:  A sentence imposing non-minimum, maximum, consecutive sentences for behavior that occurred before February 27, 2006, violates the Due Process and Ex Post Facto Clauses of the United States Constitution.[35]

The State filed a return of the writ, noting first that the Ohio appeals court opinion denying Johnson's claim relied on a prior state appellate opinion construing the United States Supreme Court decision of *Rogers v. Tennessee*,[36] which dealt with the application of the Ex Post Facto Clause.[37]  The State then argued that Johnson's claim here should be denied because the state court opinion was not an unreasonable application of clearly established federal law.[38]

Johnson filed a traverse.[39]

---

[34] *Id.*  The petition was filed in this Court on November 18, 2008, or within one year of the decision of the Ohio Supreme Court dismissing Johnson's appeal from the re-sentencing.  A federal habeas petition is timely if filed within one year of the date the judgment became final.  28 U.S.C. § 2254(d)(1).

[35] *Id*. at 14.

[36] *Rogers v. Tennessee*, 532 U.S. 451 (2001).

[37] ECF # 9 at 11-12.

[38] *Id*. at 14.

[39] ECF # 10.

# Analysis

**A.    Preliminary issues**

Prior to addressing the petition, I make the following initial observations:

1.    There is no dispute that Johnson is currently in state custody as a result of his conviction and sentence by an Ohio court, and was so incarcerated when he filed this petition.  Thus, I recommend finding that Johnson meets the "in custody" requirement of the federal statute vesting this Court with jurisdiction over the petition.[40]

2.    There is also no dispute, as detailed earlier, that this petition has been timely filed under the applicable statute.[41]

3.    In addition, Johnson states,[42] and my own review of the docket in this District confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[43]

4.    Moreover, it appears that the claim presented here has been totally exhausted in the Ohio courts by virtue of having been fairly presented as a federal constitutional claim through one full round of the state's established appellate review procedure.[44]   Also, the State has not claimed, nor has my review disclosed any basis for claiming, that federal habeas review of this claim might be precluded by a procedural default.[45]

---

[40] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[41] 28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

[42] ECF # 1 at 11.

[43] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

[44] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[45] *See*, 28 U.S.C. § 2254(d); *Pudelski v. Wilson*, 576 F.3d 595, 605 (6th Cir. 2009).

5.      Finally, I note that Johnson has neither requested an evidentiary hearing[46] nor the appointment of counsel.[47]

Accordingly, based on the forgoing, I suggest that nothing hinders this Court from now proceeding to consider the merits of the claim raised in this petition.

**B.      Standard of review**

Where a state court adjudicated the merits of a claim now asserted in a federal habeas petition, the controlling federal statute is plain that the federal habeas court may use that claim as a basis for granting the writ only if the state decision was either contrary to clearly established federal law as determined by the United States Supreme Court or was an unreasonable application of that law.[48]

In applying that statute, a federal habeas court is guided by the well-known teachings of *Williams v. Taylor*.[49]   As stated by the United States Supreme Court in *Williams*, a decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts."[50] *Williams* further holds that a state court decision is an "unreasonable application" of

_____

[46] 28 U.S.C. § 2254(e)(2).

[47] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

[48] 28 U.S.C. § 2254(d).

[49] *Williams v. Taylor*, 529 U.S. 362 (2000).

[50] *Id.* at 412.  *Accord*, *Broom v. Mitchell*, 441 F.3d 392, 398 (6th Cir. 2006).

clearly established federal law if "the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."[51]

Moreover, a federal court may not find that a state court unreasonably applied clearly established federal law simply because the habeas court "concludes on its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly."[52]  Rather, the state court holding may be disturbed only upon showing that it was "objectively unreasonable."[53]

In addition, a state court may be found to have unreasonably applied clearly established federal law if it unreasonably extends or unreasonably fails to extend a clearly established federal legal principle to a new context.[54]

Finally, where a state court does not address the merits of a federal claim properly presented to it, "the deference due [a state court decision by the federal habeas court] under the AEDPA does not apply."[55]  Then, the federal court is to review the claim *de novo*.[56]

---

[51] *Williams*, 529 U.S. at 413; *Broom*, 441 F.3d at 398.

[52] *Williams*, 529 U.S. at 411.

[53] *Id*. at 409.

[54] *Id.* at 405-07.  *Accord*, *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

[55] *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003).

[56] *Id.*

-10-

**C.      Application of standard – Johnson's ground for relief should be denied inasmuch as the decision of the state appeals court in denying the claim was neither contrary to nor an unreasonable application of clearly established federal law.**

As set forth by Johnson in his traverse, this ground for relief consists of two related arguments.  First, he maintains that the *Foster* sentencing scheme in Ohio, when applied retroactively, is unconstitutional because its provisions disadvantage Johnson and could not have been foreseen prior to *Foster*.[57]  Next, he contends that *Foster*'s severance of mandatory fact findings from the imposition of non-minimum sentences is unconstitutional because, purportedly unlike the result in *United States v. Booker*,[58] the Ohio severance scheme eliminated any chance for meaningful appellate review of the resulting sentence.[59]

I note that both of Johnson's arguments have been extensively addressed and rejected by numerous federal district courts in Ohio, frequently with detailed opinions explaining their reasoning.

First, as to the contention that the post-*Foster* sentencing structure could not have been foreseen prior to that decision and so constitutes a violation of the Ex Post Facto clause, I note that the Sixth Circuit has definitely rejected a precise application of that claim.  In *Hooks v. Sheets*,[60] the court noted that the provisions of the Ex Post Facto Clause apply only

---

[57] ECF # 10 at 7-10.

[58] *United States v. Booker*, 543 U.S. 220 (2005).

[59] ECF # 10 at 10-12.

[60] *Hooks v. Sheets*, 603 F.3d 316 (6th Cir. 2010).

to acts of the legislature, and so the clause "does not of its own force apply to the Judicial Branch of government."[61]

Notwithstanding that there is no direct Ex Post Facto application here, under the Fourteenth Amendment's Due Process Clause the Supreme Court has stated that judicial decision-making must comport with "core due process concepts of notice, foreseeability, and, in particular, the right to fair warning as those concepts bear on the constitutionality of attaching criminal penalties to what had previously been innocent conduct."[62]  To the extent that Johnson now asserts that the purported constitutional error here is that he lacked notice or "fair warning" at the time of his offense that he could be subject to post-*Foster* sentencing, I note that this argument has "been thoroughly discussed and universally rejected" by the federal and state courts in Ohio to have considered it.[63]

Simply put, as has been extensively developed in the prior decisions, Johnson had notice prior to *Foster* of what the penalties were for his crimes, as well as for being found to be a repeat violent offender.  Thus, on the basis of the heavy weight of prior opinion, I recommend finding that this element of ground one be rejected since Johnson was not deprived of any due process rights by his re-sentencing.

----

[61] *Id*. at 321 (internal quotation marks and citation omitted).

[62] *Rogers*, 532 U.S. at 459 (citing *Bouie v. City of Columbia*, 378 U.S. 347, 351 (1964)); *see also*, *Hooks*, 603 F.3d at 321.

[63] *Haverland v. Warden*, 2010 WL 4702312, at *7 (S.D. Ohio Aug. 17, 2010) (collecting 23 cases).

Next, I further recommend denying that portion of Johnson's claim that the severance scheme in *Foster* was unconstitutional and so invalidates his sentence. This argument, too, has been addressed and rejected by federal habeas courts in Ohio.[64] Essentially, as this Court noted in *Schweitzer v. Williams*,[65] nothing in the Supreme Court's decision of *Cunningham v. California*[66] prohibits the Ohio Supreme Court from severing the requirement that a judge make findings as to statutory sentencing considerations prior to the imposition of a more than the minimum sentence.[67]

Finally, although mindful of recent Sixth Circuit decisions considering the effect of reliance on judicially-found facts to support non-minimum, maximum sentencing,[68] I note that Johnson's claim here does not expressly raise any issue as to whether any constitutional error occurred here as the result of impermissible judicial reliance on facts beyond those expressly found by the jury or of record as to a prior sentence.[69] In addition, because Johnson is represented by counsel, I also observe that his claim is not entitled to be read with the

---

[64] *Id.*, at *9 (collecting cases).

[65] *Schweitzer v. Williams*, 695 F. Supp. 2d 646 (N.D. Ohio 2010).

[66] *Cunningham v. California*, 549 U.S. 270 (2007).

[67] *Schweitzer*, 695 F. Supp. 2d at 659.

[68] *See*, *Villagarcia v. Warden*, 599 F.3d 529 (6th Cir. 2010); *see also*, *Anderson v. Wilkinson*, 2010 WL 3724601 (6th Cir. Sept. 14, 2010); *Smith v. Moore*, 2011 WL 338443 (6th Cir. Feb. 4, 2011).

[69] *See*, ECF # 9.

special leniency afforded to *pro se* petitions.[70]  Accordingly, I do not recommend construing the current claim beyond its own terms to raise issues as to whether any constitutional error occurred due to any particular findings that may have been made by the trial court here during the re-sentencing.

### Conclusion

Accordingly, for the reasons stated, I recommend denying the petition of Lamond Johnson for a writ of habeas corpus.

Dated:   March 8, 2011                          s/ William H. Baughman, Jr.
                                                United States Magistrate Judge

### Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[71]

---

[70] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

[71] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

-14-