UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                                  :
LAMOND JOHNSON,                                   :
                                                  :    CASE NO. 3:08-cv-02721
            Petitioner,                             :
                                                  :
    v.                                            :    OPINION & ORDER
                                                  :    [Resolving Doc. No. 1]
PHILLIP KERNS, WARDEN,                            :
                                                  :
            Respondent.                             :
                                                  :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner Lamond Johnson petitions for a writ of habeas corpus under 28 U.S.C § 2254. [Doc. 1.] Johnson seeks relief from his fourteen-year sentence that an Ohio state court imposed following his guilty plea to aggravated robbery, kidnapping, and rape. [Doc. 1.] Magistrate Judge William H. Baughman, Jr. recommends that this Court deny Johnson's petition. [Doc. 12.] Johnson objects to that recommendation. [Doc. 13.] For the following reasons, the Court **ADOPTS** the Magistrate Judge's report and recommendation and **DENIES** Johnson's habeas petition.

**I. Background**

In 2004, a Grand Jury indicted Johnson on one count of aggravated robbery, one count of kidnapping, and two counts of rape. [Doc. 9-1 at 1-3.] Johnson entered a plea of no contest to all but one of the rape charges, which the State dropped in a modified indictment. [Doc. 9-1 at 4.] On August 10, 2004, an Ohio court sentenced Johnson to a minimum three-year prison term for aggravated robbery, and a minimum three-year term for kidnapping. The court sentenced Johnson

-1-

Case No. 3:08-cv-02721
Gwin, J.

to a non-minimum eight-year term for rape, based on its finding that "the shortest prison term will demean the seriousness of the offender's conduct [or] will not adequately protect the public." [Doc. 9-1 at 10.] The Ohio court ordered the terms to be served consecutively, for a combined prison term of fourteen years, based in part on its finding that "the harm caused [by Johnson's crime] was great or unusual." [*Id.*]

Subsequent to Johnson's sentencing, the Ohio Supreme Court decided *State v. Foster,* 845 N.E.2d 470 (Ohio 2006). Prior to *Foster*, Ohio law required that a defendant receive the shortest prison term authorized for the crime unless the court found that the defendant was already serving a prison term at the time of the offense, or that the shortest prison term would "demean the seriousness of the offender's conduct or [would] not adequately protect the public . . . ." Ohio Rev. Code Ann. § 2929.14(B) (2005). A court could impose consecutive terms only if it found that consecutive sentences were "necessary to protect the public from future crime or to punish the offender," that the sentences were not "disproportionate to the danger the offender pose[d] to the public," and one of the following:

> a) The offender committed one or more of the offenses while the offender was awaiting trial, sentencing, or while under supervision;
>
> b) At least two of the offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term of any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or
>
> c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Id.* § 2929.14(E)(4) (2005).

*Foster* held unconstitutional those portions of Ohio sentencing law that permitted harsher

Case No. 3:08-cv-02721
Gwin, J.

sentences based on facts found by the sentencing judge rather than the jury. 845 N.E.2d at 490. As a remedy, *Foster* severed those offending portions, giving trial courts discretion to impose any sentence within the statutory range without first making findings. *Id*.

Johnson appealed his sentence while the Ohio Supreme Court's decision in *Foster* was pending. On May 3, 2006, after issuing its decision in *Foster*, the state supreme court remanded the case to the trial court for re-sentencing consistent with *Foster*. [Doc. 9-1 at 37.] At resentencing on October 10, 2006, the trial court imposed the same fourteen-year sentence without issuing factual findings. [Doc. 9-1 at 38-39.]

Johnson appealed the trial court's application of *Foster* on resentencing, arguing that the court had violated the federal Constitution's Ex Post Facto Clause and Due Process Clause. The Ohio Court of Appeals affirmed the sentence, and the Ohio Supreme Court denied leave to appeal. *State v. Johnson*, 2007 WL 1953621 (Ohio App. 6 Dist.,2007); *State v. Johnson*, 116 Ohio St.3d 1413 (Ohio Nov 21, 2007) (Table, NO. 2007-1497). Having exhausted his direct appeal, Johnson now asks this Court for habeas relief from his sentence. [Doc. 1.]

The Magistrate Judge recommends that this Court deny Gonzales's petition, [Doc. 12], and Johnson objects to the Magistrate Judge's determination that Johnson's right to due process was not violated, [Doc. 13] The Court thus review this issue *de novo*. 28 U.S.C. § 636(b)(1) (Federal Magistrates Act requires a district court to conduct *de novo* review only of those portions of a Report and Recommendation to which the parties have objected).

## II. Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), governs a federal court's review of a state prisoner's habeas corpus

-3-

Case No. 3:08-cv-02721
Gwin, J.

petition. AEDPA limits federal review to only those claims in which a petitioner contends that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a) (1996). AEDPA provides that federal courts cannot grant a habeas petition for any claim that the state court adjudicated on the merits unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d) (1996). *See Miller v. Francis*, 269 F.3d 609, 614 (6th Cir. 2001).

To justify a grant of habeas relief under the "contrary to" clause, "a federal court must find a violation of law 'clearly established' by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision." *Id.* (citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). Meanwhile, under the 'unreasonable application' clause, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams,* 529 U.S. at 413. The Sixth Circuit holds that, even if a federal court could determine that a state court incorrectly applied federal law, the court still could not grant relief unless it also finds that the state court ruling was unreasonable. *Simpson v. Jones*, 238 F.3d 399, 405 (6th Cir. 2000).

### III . Analysis

Johnson says that the retroactive application of *State v. Foster,* 845 N.E.2d 470 (Ohio 2006) to his sentence—resulting in greater-than-minimum and consecutive sentences without the findings required by Ohio Revised Code § 2929.14(B) and (E)—violated the Due Process Clause limitation on ex post facto application of judicial decisions.

-4-

Case No. 3:08-cv-02721
Gwin, J.

petition. AEDPA limits federal review to only those claims in which a petitioner contends that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a) (1996). AEDPA provides that federal courts cannot grant a habeas petition for any claim that the state court adjudicated on the merits unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d) (1996). *See Miller v. Francis*, 269 F.3d 609, 614 (6th Cir. 2001).

To justify a grant of habeas relief under the "contrary to" clause, "a federal court must find a violation of law 'clearly established' by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision." *Id.* (citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). Meanwhile, under the 'unreasonable application' clause, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams,* 529 U.S. at 413. The Sixth Circuit holds that, even if a federal court could determine that a state court incorrectly applied federal law, the court still could not grant relief unless it also finds that the state court ruling was unreasonable. *Simpson v. Jones*, 238 F.3d 399, 405 (6th Cir. 2000).

### III . Analysis

Johnson says that the retroactive application of *State v. Foster,* 845 N.E.2d 470 (Ohio 2006) to his sentence—resulting in greater-than-minimum and consecutive sentences without the findings required by Ohio Revised Code § 2929.14(B) and (E)—violated the Due Process Clause limitation on ex post facto application of judicial decisions.

Case No. 3:08-cv-02721
Gwin, J.

As the Ex Post Facto Clause binds a State's judiciary only to an extent inherent in the Due Process Clause of the Fourteenth Amendment, retroactive application of intervening judicial decisions altering statutory sentencing schemes is constitutional as long as the defendant had adequate notice of the potential sentence. *Rogers v. Tennessee*, 532 U.S. 451 (2001).

The Ohio Supreme Court decision in *Foster* did not alter the sentencing range available under § 2929.14(A); it merely did away with the threshold requirement of judicial fact finding. And, although *Foster* unnecessarily gutted core elements of Ohio's previously commendable sentencing scheme, the Ohio Supreme Court's wrong-headed decision was constitutional. Johnson was aware of the maximum penalty he faced prior to committing his crimes in 2004: he acknowledged in his May 7, 2004 no-contest plea that he faced up to 30 years in prison for his crimes. [Doc. 9-1 at 4.] The *Foster* decision two years later did not expand or contract his potential sentence. *See State v. Foster*, 845 N.E.2d 470 (Ohio 2006). Johnson cannot, therefore, complain that he did not receive "notice" or "fair warning" that his criminal conduct might have resulted in the fourteen-year sentence he received. *See U.S. v. Barton*, 455 F.3d 649, 654-55 (6th Cir. 2006).

For similar reasons, every Court in this district to address an ex post facto challenge to a retroactive sentencing under *Foster* has rejected it. *See Gonzales v. Welch*, No. 3:08CV2269, 2010 WL 3222085 (N.D. Ohio Aug. 13, 2010), (Gwin, J.); *Lininger v. Welch*, No. 3:08CV3006, 2010 WL 2598209 (N.D. Ohio June 24, 2010), (Gwin, J.); *McGhee v. Konteh*, No. 1:07CV1408, 2008 WL 320763 (N.D. Ohio Feb. 1, 2008), (Nugent, J); *Lyles v. Jeffreys*, No. 3:07CV1315, 2008 WL 1886077 (N.D. Ohio Apr. 24, 2008), (Oliver, J.); *Cooper v. Hudson*, No. 3:07CV610, 2008 WL 2001282 (N.D. Ohio May 5, 2008), (Polster,J.); *Watkins v. Williams*, No. 3:07CV1296, 2008 WL 2484188 (N.D. Ohio June 17, 2008),(Adams, J.); *Keith v. Voorhies*, No. 1:06CV2360, 2009 WL

Case No. 3:08-cv-02721
Gwin, J.

185765 (N.D. Ohio Jan. 23, 2009), (Lioi, J.); *McKitrick v. Smith*, No. 3:08CV597, 2009 WL 1067321 (N.D. Ohio Apr. 21, 2009), (Gaughin, J.); *Orwick v. Jackson*, No. 3:09CV0232, 2009 WL 4043352 (N.D. Ohio Nov. 20, 2009), (Boyko, J.); *Newsome v. Brunsman*, No. 1:08CV1938, 2010 WL 319792, (N.D. Ohio Jan. 20, 2010), (Zouhary, J.); *Ashley v. Gansheimer*, No. 1:08CV2556, 2010 WL 1924459 (N.D. Ohio May 12, 2010), (O'Malley, J.). Johnson cites no Supreme Court decision holding otherwise.

### IV. Conclusion

The Ohio Supreme Court's affirmation of the sentence on the grounds that Johnson had sufficient pre-*Foster* notice of his post-*Foster* potential sentence was thus neither contrary to nor an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. Accordingly, the Court **ADOPTS** the Magistrate Judge's report and recommendation and **DENIES** Johnson's petition.

The Court certifies, however, that an appeal from this decision could be taken in good faith and thus issues a certificate of appealability under 28 U.S.C. § 2253(c) as to whether the retroactive application of *Foster* to Johnson's sentence was contrary to or an unreasonable application of clearly established federal law.

**IT IS SO ORDERED.**

Dated: June 15, 2011          *s/ James S. Gwin*
                              JAMES S. GWIN
                              UNITED STATES DISTRICT JUDGE